**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Randolph Levy Hyman, Jr., | : | CIV. ACTION NO. 15-8149(RMB) |
| Plaintiff, | : | |
| v. | : | MEMORANDUM AND ORDER |
| Federal Bureau of Prisons, and Jordan Hollingsworth, Warden, | : | |
| Defendants. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

Plaintiff, a prisoner in FCI-Fort Dix, in Fort Dix, New Jersey, filed a civil action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) seeking a "temporary emergency medical injunction" preventing him from being moved from Room 107, first floor, Unit 5751 to another room at FCI-Fort Dix. (ECF No. 1.) Plaintiff's complaint was unaccompanied by a filing fee or alternatively, an application to proceed without prepaying the filing fee. (<u>in</u> <u>forma</u> <u>pauperis</u> "IFP" application).

The Clerk of Court will not file a civil complaint unless the person seeking relief pays the entire applicable filing fee in

1

advance or the person applies for and is granted IFP status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

Prisoners who file civil cases without prepayment of the filing fee are required to submit an IFP application with a certified copy of their prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If IFP is granted, the prisoner must pay the entire filing fee in installments, as provided in 28 U.S.C. § 1915(b)(1), (2).

Furthermore, if Plaintiff seeks to proceed without prepayment of filing fees, the court is required to review the complaint and dismiss it if it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. §1915A. A prisoner must pay the entire filing fee, even if the case is dismissed upon screening. 28 U.S.C. § 1915(b)(2).

Therefore, the Court will administratively terminate this action, allowing Plaintiff to reopen this case by submitting an IFP application or paying the filing fee. If Plaintiff reopens the case, the complaint will be subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A. There are deficiencies in the present complaint, discussed below, which Plaintiff may wish to

correct by filing an amended complaint if he seeks to reopen this matter.

II. DISCUSSION

Plaintiff brings his civil action against the Federal Bureau of Prisons and Warden, Jordan Hollingsworth. (ECF No. 1.) A plaintiff may not bring a Bivens claim against the Bureau of Prisons. Ruiz v. Federal Bureau of Prisons, 481 F. App'x 738, 740 (3d Cir. 2012) (citing Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 71 (2001) (explaining that Bivens claims may be brought only against individual federal officers, not the United States or the BOP)). Absent any allegations of personal involvement in the denial of adequate medical care, a prison administrator is not liable under Bivens. Id. at 741 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 71-72 (3d Cir. 2011). Plaintiff has not alleged personal involvement by the Warden.

To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). A serious medical need can be met upon showing a condition diagnosed by a physician that requires treatment or conditions that are so obvious that a lay person would recognize the necessity for a doctor's

3

attention; and conditions which, if untreated, would result in lifelong handicap or permanent loss. Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Plaintiff does not allege that he was medically prescribed the particular room where he resides and seeks to remain in FCI Fort Dix.

The second element of the Estelle test requires an inmate to show that a prison official acted with deliberate indifference to a serious medical need. Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003). Deliberate indifference is a reckless disregard of a known risk of harm, negligent conduct is insufficient to meet the standard. Farmer v. Brennan, 511 U.S. 825, 836 (1994). Plaintiff's present complaint does not meet the pleading standard.

IT IS, therefore, on this **30th** day of **November 2015**,

**ORDERED** that the Clerk shall administratively terminate this matter, without filing the complaint, by making a new and separate entry reading, "CIVIL CASE TERMINATED." Plaintiff is informed that administrative termination is not a "dismissal"; and no statement in this Memorandum and Order shall be construed as withdrawal of this Court's jurisdiction over this matter; and it is further

**ORDERED** that, if within thirty days of the date of this Order, Plaintiff pays the $400.00 filing fee **or** submits a properly executed

IFP application pursuant to 28 U.S.C. § 1915(a), together with an amended complaint, mailed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, the Court will direct the Clerk of Court to reopen this matter; and it is further

    **ORDERED** that the Clerk of Court shall serve this Memorandum and Order upon Plaintiff, together with a blank form "PRISONER APPLYING TO PROCEED IN FORMA PAUPERIS IN A CIVIL RIGHTS CASE" and a blank form "Prisoner Civil Rights Complaint."

                                      **s/Renée Marie Bumb**
                                      **RENÉE MARIE BUMB**
                                      **UNITED STATES DISTRICT JUDGE**