NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| Randolph Levy Hyman, Jr., | : | CIV. ACTION NO. 15-8149(RMB) |
| Plaintiff, | : | |
| v. | : | OPINION |
| Michael Melsky, Counselor, | : | |
| Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.   BACKGROUND

Plaintiff, a prisoner in FCI-Fort Dix, in Fort Dix, New Jersey, filed a civil action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) on November 19, 2015, seeking an injunction preventing him from being moved from Room 107, first floor, Unit 5751 to another room at FCI-Fort Dix. (ECF No. 1.) Plaintiff did not submit a filing fee or an application to proceed without prepaying the filing fee (in forma pauperis "IFP" application), and this Court administratively terminated the action. (ECF No. 2.) Plaintiff has now submitted an IFP application, a proposed amendment to his complaint, and he

1

renewed his request for an injunction prohibiting him from being moved to a different cell. (ECF Nos. 3, 4.) Plaintiff's IFP application is properly certified by a prison official, and establishes his inability to pay the filing fee. Therefore, the Court will reopen this matter and grant Plaintiff's IFP application. A prisoner must pay the entire filing fee, even if the case is dismissed upon screening. 28 U.S.C. § 1915(b)(2).

When a litigant proceeds in forma pauperis, the court is required to review the complaint and dismiss it if it is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

II. DISCUSSION

Plaintiff alleged he was diagnosed with depression and severe anxiety, and is presently receiving treatment for those conditions. (ECF No. 1, ¶4.) He seeks to amend his complaint to substitute Counselor Michael Melsky as the defendant. (ECF No. 3 at 1.) Melsky informed Plaintiff that he had to give up his first floor room because he did not qualify for it. (ECF No. 1, ¶5.) Plaintiff asserts the plan to move him into a twelve-inmate room

threatens his mental health because he cannot be around crowds of people or noise. (ECF No. 1, ¶6.)

By amending the complaint to substitute Melsky as the defendant, Plaintiff cured a deficiency in the original complaint; the named defendants lacked personal involvement in an alleged constitutional violation. However, in his amended complaint, Plaintiff has not alleged facts stating a constitutional violation.[1]

To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is a reckless disregard of a known risk of harm, negligent conduct does not meet the standard. Farmer v. Brennan, 511 U.S. 825, 836 (1994).

Plaintiff alleged he has a diagnosed serious medical need that requires treatment, depression and severe anxiety. (ECF No. 1, ¶4.) See Goodrich v. Clinton County Prison, 214 F. App'x 105,

---

[1] Although Plaintiff should have filed an entirely new amended complaint to replace the original complaint, the Court will address the proposed amendments in Plaintiff's self-styled document "Amending Motion Requesting a Temporary Emergency, Medical Injunction" together with his original complaint. (ECF Nos. 1 and 3.)

3

111 (3d Cir. 2007) (a mental illness diagnosed by a psychiatrist as requiring treatment constitutes a serious medical need.) He further alleged Counselor Melsky told him he did not qualify for a first floor housing unit. Plaintiff's allegation constitutes a disagreement with Counselor Melsky's professional judgment. Disagreement with a professional medical opinion does not rise to the level of a constitutional violation. See DeFranco v. Wolf, 387 F. App'x 158-59 (3d Cir. 2010) (in case where some medical professionals believed the plaintiff should be prescribed a single-cell and others believed there was no harm in double-celling, disagreement among doctors did not rise to the level of deliberate indifference). Plaintiff does not allege facts constituting deliberate indifference to his anxiety and depression.

III. CONCLUSION

For the reasons discussed above, in the accompanying Opinion filed herewith, the Court will dismiss Plaintiff's Amended Complaint (ECF Nos. 1, 3) without prejudice for failure to state a claim upon which relief may be granted.

4

_____
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE

5