<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| Randolph Levy Hyman, Jr., | : | CIV. ACTION NO. 15-8149(RMB) |
| | : | |
|       Plaintiff, | : | |
| | : | |
|    v. | : | OPINION |
| | : | |
| Michael Melsky, Counselor, | : | |
| | : | |
|       Defendant. | : | |

**RENÉE MARIE BUMB**, U.S. District Judge

I.    BACKGROUND

Plaintiff, a prisoner in FCI-Fort Dix, in Fort Dix, New Jersey, filed a civil action under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) on November 19, 2015, seeking an injunction preventing him from being moved to a new room at FCI-Fort Dix. (ECF No. 1.) After the Court granted Plaintiff's IFP application and dismissed his Complaint without prejudice for failure to state a claim upon which relief may be granted (ECF No. 6), Plaintiff filed an amended motion requesting a temporary, emergency, medical injunction (ECF No. 10), which this Court construes as an Amended Complaint and reviews pursuant to 28 U.S.C. § 1915(e)(2)(b).

II.   DISCUSSION

Plaintiff alleged he was diagnosed with depression and severe anxiety. (ECF No. 10, ¶4.) Plaintiff's Unit Counselor at FCI Fort Dix, Michael Melsky, recently informed Plaintiff he would be required to move to a new room in FCI Fort Dix because he does not qualify for the first floor room he currently occupies. (Id. at ¶5.) Plaintiff alleges the move will be harmful to his mental health, and he asks the Court to prevent Defendant from moving him. (Id. at ¶¶6,7.)

Plaintiff has not alleged facts stating a constitutional violation. To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must set forth: (1) a serious medical need; and (2) a prison official's deliberate indifference to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Deliberate indifference is a reckless disregard of a known risk of harm; negligent conduct does not meet the standard. Farmer v. Brennan, 511 U.S. 825, 836 (1994).

Plaintiff alleged his depression and severe anxiety are a serious medical need that require treatment. (ECF No. 1, ¶4.) See Goodrich v. Clinton County Prison, 214 F. App'x 105, 111 (3d Cir. 2007) (a mental illness diagnosed by a psychiatrist as requiring treatment constitutes a serious medical need.) As this Court noted in a prior Order, Plaintiff's allegation that he should remain in

2

a first floor room due to his mental illness constitutes a disagreement with Counselor Melsky's professional judgment that he does not qualify for such. Disagreement with a professional medical opinion does not rise to the level of a constitutional violation. See DeFranco v. Wolf, 387 F. App'x 158-59 (3d Cir. 2010) (where some medical professionals believed the plaintiff should be prescribed a single-cell and others believed there was no harm in double-celling, disagreement among doctors did not rise to the level of deliberate indifference). Plaintiff does not allege facts constituting deliberate indifference to his anxiety and depression.

III. CONCLUSION

Plaintiff has been given several opportunities to amend his complaint to allege facts that state a plausible claim for relief, but he has failed to do so. Therefore, for the reasons discussed above, in the accompanying Order filed herewith, the Court will dismiss Plaintiff's Amended Complaint (ECF No. 10) with prejudice for failure to state a claim upon which relief may be granted.


s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**UNITED STATES DISTRICT JUDGE**

Dated: February 19, 2016

3